Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO MADRID<br><br>Demandante-Apelado<br><br>Vs.<br><br>FRANCISCO CÓRDOVA LÓPEZ, SU ESPOSA JULIA EVELYN MARRERO ROLAN Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS; ERIC XAVIER CONDE LESPIER, SU ESPOSA NATALIA CARMEN GUANIPA SÁNCHEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS<br>Demandados-Apelantes | TA2025AP00601 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025CV00446<br><br>Sala: 602<br><br>Sobre: COBRO DE DINERO |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece la parte apelante compuesta por, Francisco Córdova López, Julia Marrero Rolán y la Sociedad Legal de Gananciales compuesta por ambos; Eric Xavier Conde Lespier, Natalia Carmen Guanipa y la Sociedad Legal de Gananciales compuesta entre ellos. La parte apelante solicita la revocación de la *Segunda Sentencia Parcial* emitida en el caso, mediante la cual el foro primario desestimó las reconvenciones promovidas por la parte apelante.

Por los fundamentos expuestos en esta sentencia, *modificamos* la sentencia apelada.

**-I-**

El 20 de enero de 2025, la parte apelada, Consejo de Titulares del Condominio Madrid, presentó una demanda en cobro de dinero por cuotas de mantenimiento vencidas en contra de los titulares de la Oficina 301 del condominio. El 27 de agosto de 2025, la parte apelante contestó la demanda y presentó reconvención. Los apelantes admiten ser dueños de la Oficina 301 y también reconocen la deuda acumulada desde el 1 de septiembre de 2024, deuda que asciende a $46,571.34. No obstante, aducen no estar obligados a saldar la deuda debido al incumplimiento de la parte apelada con una transacción judicial advenida entre las partes del epígrafe en el caso *Consejo de Titulares del Condominio Madrid v. Francisco Córdova López y otros*, Civil Núm. SJ2019CV01978. En aquel caso las partes acordaron el pago de las cuotas de mantenimiento y la reparación de las filtraciones que aquejan el apartamento de los apelantes. En la reconvención instada en este caso, los apelantes aseveran sufrir daños continuos debido a las constantes filtraciones y también solicitan resarcimiento debido a la supuesta frustración de varios negocios sobre el inmueble sobre el cual pesan las deudas y también por daños a la propiedad. Aseveran que, el apartamento sufre de constantes filtraciones de aguas provenientes de una tubería comunal que, transcurre por el techo de la oficina. Inclusive aducen la existencia de un informe pericial, preparado por un experto contratado por el condominio, el cual identificó el origen de las filtraciones en una tubería o tuberías comunales ubicadas en el techo del inmueble. El escape de aguas, según la parte apelante, ha tornado inservible el apartamento. Por ello, solicitan varias partidas en daños, y el descuento de las cuotas debidas a la sentencia que dicte el foro primario en este caso.

El 16 de septiembre de 2025 la parte apelada solicitó la desestimación de la reconvención. Solicitó al tribunal sentencia por

las alegaciones para concluir que, la reconvención deja de exponer una causa que amerite remedio legal, y desestimarlas. También argumentó que, conforme a la *Ley de Condominios de Puerto Rico* la reconvención de la parte apelante no está permitida. La parte apelante presentó oposición, argumentó sobre la improcedencia de la desestimación solicitada. En específico, requirió el cumplimiento del apelado con la transacción judicial antes relacionada. El 30 de octubre de 2025 el Tribunal de Primera Instancia notificó la sentencia apelada. En el dictamen el foro primario concluyó que:

> Las alegaciones en este caso no apuntan a la ni permiten una inferencia de imposibilidad del cumplimiento de lo ordenado en la Sentencia Final. Más aún, tratándose de obligaciones de hacer—entregar un informe o reparar una avería— los derechos de ejecución de la Sentencia Final por parte de los aquí demandados reconvenientes no se pueden atender o adjudicar en este caso, sino en el Caso SJ2019CV01978 donde se dictó la sentencia objeto de ejecución. De la misma manera que este tribunal no puede ordenar dentro de este caso la ejecución de la Sentencia Final dada en otro caso, tampoco puede excusar su [in]cumplimiento.

> Según los demandados, su reconvención "emana de una sentencia que es ejecutable." Entrada 45 pág. 6. O sea, no estamos ante un caso de daños por incumplimiento de contrato sino por incumplimiento de una sentencia. La distinción es relevante porque nuestro ordenamiento reconoce una causa de acción en daños por incumplimiento de contrato, pero no así por incumplimiento de una sentencia.

> [...]

> La defensa de compensación (set-off) incluida por los demandados-reconvenientes en su CONTESTACIÓN A DEMANDA Y RECONVENCIÓN ENMENDADA a la Entrada 40 se tiene por no puesta. Igualmente, las alegaciones y reclamación para la Distribución de los pagos recibidos de la aseguradora por el Huracán María (Entrada 40, pág. 9, párrafo 20 de las alegaciones de la Reconvención Enmendada e inciso 3 de la súplica) se tienen por no puestas.

> La Moción del Demandante bajo la Regla 10.3 de Procedimiento Civil se declara Sin Lugar, por mediar controversias de hechos materiales.

La Moción de Desestimación de la Reconvención Enmendada se declara Con Lugar. A tales efectos, emitimos Sentencia Parcial desestimando la Reconvención Enmendada, sin perjuicio de los remedios en ejecución que estuvieran disponibles a los aquí demandados-reconvenientes en el caso SJ2019CV01978.

Inconforme, la parte apelante comparece y señala el siguiente error:

Erró el Tribunal de Primera Instancia, en desestimar la reconvención fundamentándose en la Regla 10.2 de las Reglas de Procedimiento Civil.

Procedemos a resolver con el beneficio de la comparecencia de la parte apelante, el contenido del expediente y el derecho aplicable.

## -II-

### A.

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que, la parte demandada solicite la desestimación de una demanda en su contra por: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio [y,] (6) [por] dejar de acumular una parte indispensable.

En lo pertinente al asunto que nos ocupa, la regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5), provee para que una parte solicite al foro competente la desestimación de un pleito incoado en su contra, bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. Este planteamiento "no está sujeta a la regla general sobre acumulación y renuncia de defensas" establecida en el ordenamiento procesal, y "puede aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e, incluso, luego de comenzado el juicio". *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043,

1067 (2020). Bajo este marco, para que el referido mecanismo de desestimación proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Costa Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 78 (2023); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, pág. 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 504-505 (1994).

Por otra parte, la Regla 10.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.3, gobierna la solicitud de una sentencia por las alegaciones. La precitada reza como sigue:

> Después que se hayan presentado todas las alegaciones, cualquier parte podrá solicitar al tribunal que dicte sentencia parcial o total por las alegaciones, sujeto a las disposiciones de la Regla 42.3 de este apéndice. Si en una moción en la que se solicite sentencia por las alegaciones se exponen materias no contenidas en dichas alegaciones y éstas no son excluidas por el tribunal, la moción deberá considerarse como una solicitud de sentencia sumaria y estará sujeta hasta su resolución final a todos los trámites ulteriores dispuestos en la Regla 36 de este apéndice, y todas las partes tendrán una oportunidad razonable de presentar todo asunto pertinente a dicha moción conforme a lo provisto en la citada regla.

El mecanismo está disponible después de contestada la demanda, y procede dictar sentencia por las alegaciones cuando de estas no surge controversia sustancial de hechos y hace innecesario la celebración de un juicio en su fondo para recibir o dilucidar la prueba. *Montañez v. Hosp. Metropolitano,* 157 DPR 96, 102 (2002); *P.A.C. v. E.L.A. I,* 150 DPR 359, 377 (2000). "El [t]ribunal puede suplementar los hechos contenidos en las alegaciones considerando documentos anejados o incorporados a éstas y hechos susceptibles de conocimiento judicial". J.A. Cuevas Segarra, *Tratado de derecho*

*procesal civil*, 2<sup>da</sup> ed., San Juan, Pubs. JTS, 2011, T. II, pág. 544.

### B.

El acuerdo de transacción se rige en nuestro ordenamiento principalmente por lo dispuesto en los Artículos 1497 al 1504 del Código Civil de Puerto Rico, 31 LPRA secs. 10641-10648. El Código Civil define el efecto del contrato de transacción al disponer que, "mediante concesiones recíprocas, las partes ponen fin a un litigio o a su incertidumbre sobre una relación jurídica". Artículo 1497, Código Civil, 32 LPRA sec. 10641; *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193 (2006); *Igaravidez v. Ricci*, 147 DPR 1, 5 (1998); S. Tamayo Haya, *El Contrato de Transacción*, Madrid, Thomson-Civitas, 2003; L.R. Rivera Rivera, *El contrato de transacción: sus efectos en situaciones de solidaridad*, San Juan, Jurídica Editores, 1998; Q.M. Scaevola, *Código Civil*, Madrid, Reus, 1953, T. XXVIII, pág. 246. Los elementos esenciales en este tipo de estipulación son: (1) una relación jurídica litigiosa, (2) la intención de los contratantes de componer el litigio, es decir, de eliminar las controversias, y (3) recíprocas concesiones de las partes. *Neca Mortg. Corp. v. A&W Dev. S.E.*, 137 DPR 860, 870 (1995).

Existen 2 clases de contrato de transacción, el judicial y el extrajudicial. *Neca Mortg. Corp. v. A. & W. Dev. S.E.*, *supra*, págs. 870–871. El acuerdo de transacción judicial ocurre luego de comenzado el pleito judicial, y es incorporado al litigio en curso. La transacción judicial tiene autoridad de cosa juzgada, por tanto, las partes "tienen que considerar los puntos discutidos como definitivamente resueltos, y no pueden volver nuevamente sobre éstos". *Neca Mortg. Corp. v. A. & W. Dev. S.E.*, *supra*, pág. 872; Artículo 1500, Código Civil, 31 LPRA sec. 10644 ("La transacción produce los efectos de la cosa juzgada"). El contrato de transacción debe interpretarse de forma restrictiva. Artículo 1499, Código Civil, 31 LPRA sec. 10643 ("El contrato de transacción se interpreta

restrictivamente"); *Sucn. Román v. Shelga Corp.*, 111 DPR 782, 789 (1981). Toda transacción supone que, las partes tienen dudas sobre la validez o corrección jurídica de sus respectivas pretensiones, y optan por resolver la discrepancia mediante mutuas concesiones. *Citibank v. Dependable Ins. Co., Inc.*, 121 DPR 503, 512 (1988); *Sucn. Román v. Shelga Corp.*, 111 DPR 782, 791 (1981).

### C.

Por último, la figura de la compensación ocurre cuando dos personas, por derecho propio, son recíprocamente acreedoras y deudoras entre sí. Artículo 1144 del Código Civil de Puerto Rico 2020, 31 LPRA sec. 9221. El efecto que tiene la compensación es extinguir una o más deudas "...en la cantidad concurrente, aunque no tengan conocimiento de ella ni el acreedor ni el deudor". *Id.* El Tribunal Supremo ha expresado que bajo la figura de compensación "[c]ada uno de los acreedores se paga reteniendo lo que debe". *Toro Sotomayor v. Colón Cruz*, 176 DPR 528, 541 (2009); *Ramos v. Caparra Dairy, Inc.*, 116 DPR 60, 65 (1985).

Además, el Artículo 1145 del Código Civil, 31 LPRA sec. 9222, establece los requisitos para que se configure la compensación. En específico, el precitado artículo establece que:

> (a) cuando cada una de las personas obligadas lo está principalmente, y es, a la vez, acreedora principal de la otra;
> (b) ambas deudas consisten en una cantidad de dinero o, si las cosas debidas son fungibles, de la misma especie y la misma calidad, cuando esta se ha designado;
> (c) ambas deudas son líquidas, vencidas y exigibles;
> (d) sobre ninguna de ellas hay suspensión de pago o contienda promovida por terceras personas y notificada oportunamente al deudor;
> y (e) no existe una prohibición legal.

### -III-

La sentencia dictada el 28 de junio de 2019 en *Consejo de Titulares del Condominio Madrid v. Francisco Córdova López y otros*, Civil Núm. SJ2019CV01978, emitió las siguientes determinaciones:

> En un término de 30 días, la parte demandante va a rendir un informe donde plasme los hallazgos de esa inspección, básicamente el origen de la filtración que alegan los demandados que afecta su propiedad. En ese mismo término de 30 días, la parte demandada va a efectuar el pago de la mitad del balance adeudado al 1 de julio de 2019, una vez se entregue el informe independientemente de lo que diga la parte demandada va a efectuar el pago de la mitad de la cantidad adeudada. Luego de ese evento puede ocurrir lo siguiente:
>
> 1. Si el informe contiene un hallazgo de que hay algo que reparar en un área común responsabilidad del condominio, habrá 30 días adicionales para someter el plan de trabajo que se le informará ese plan de trabajo a la parte demandada, independientemente de lo que diga el plan de trabajo en esos mismos 30 días, la parte demandada pagará el balance de la deuda.
>
> 2. El otro curso de acción, es que cuando la parte demandante rinda el informe original de hallazgos, informe que nada hay que reparar de parte del condominio porque es un área privada y le corresponde a un titular hacer esa reparación, o que no hubo hallazgos de filtraciones.
>
> 3. Bajo esos dos (2) escenarios, la parte demandada efectuará el pago del balance adeudado dentro de esos 30 días.
>
> 4. Bajo cualquiera de los dos (2) escenarios, la parte demandada se va a reservar el derecho, causas de acción, defensas, alegaciones relacionadas a todo lo que tiene que ver con las causas de acción que están en las reconvenciones de daños por las filtraciones.
>
> Si en el informe hay algo que reparar de áreas comunes y se somete el plan de trabajo, o sea, 30 días y 30 días, pues el condominio tendrá 30 días adicionales para efectuar los trabajos como tal.

Las partes no contradicen la exigibilidad de las contraprestaciones, más bien una y otra levanta la falta de cumplimiento del opuesto como pretexto para su propio incumplimiento. En *Unisys v. Ramallo Brothers*, 128 DPR 842, 852 (1991), el Tribunal Supremo señaló que, el cumplimiento de lo pactado en la transacción está estrechamente vinculado con la buena fe de los contratantes. Véase, Artículo 354(a), Código Civil, 31

LPRA sec. 6342(a).[1] EL tratadista Diez Picazo comenta sobre el punto:

> [Se] considera como un principio que debe regir en toda sociedad civilizada la idea de que los hombres deben poder contar con que aquellos con quienes tratan en el intercambio social actuarán de buena fe y por tanto llevarán a cabo las expectativas razonables que sus promesas o su conducta hayan creado razonablemente en los demás. La obligatoriedad del contrato se funda, pues, de acuerdo con esta idea en una norma ética derivada de la buena fe, que exige no defraudar la confianza que en otro pueda haber creado nuestra promesa o nuestra conducta. En definitiva, se trata de lo que el autor citado denomina la norma ética de veracidad en nuestras comunicaciones con el prójimo, y que ordinariamente se expresa como deber de atenerse a la palabra dada.
>
> L. Díez-Picazo, *Fundamentos del Derecho Civil Patrimonial*, 2da ed., Madrid, Ed. Tecnos, 1983, Vol. I, pág. 99.

Resolvemos que, en virtud de la estipulación y de la sentencia dictada por el tribunal de instancia en el caso SJ2019CV01978, la parte apelante también reservó "el derecho, causas de acción, defensas, alegaciones relacionadas a todo lo que tiene que ver con las causas de acción que están en la reconvención de daños por las filtraciones". Por ello, en correcta hermenéutica contractual, la reconvención presentada en este caso está permitida y la compensación de deudas reclamada por la parte apelante es improcedente, pues también contradice el acuerdo judicial.

Por tanto, erró el foro primario al desestimar las reconvenciones presentadas.

### -*IV*-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *modificamos* para permitir la reconvención por daños ocasionados por las filtraciones. Devolvemos la causa al

---

[1] "Se presume que el negocio jurídico se otorga de buena fe".

Tribunal de Primera Instancia para la continuación de los procedimientos conforme a este dictamen.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones